# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent, | Case No.: 2:98-cr-00207-GMN-1 |
| vs. | **ORDER** |
| DARWIN RICE, | |
| Defendant/Petitioner. | |

Pending before the Court is Petitioner Darwin Rice's ("Petitioner's") Abridged Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Abridged 2255 Motion"), (ECF No. 35).[1]

Also pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 38).  The Government filed a Response, (ECF No. 40), to which Petitioner filed a Reply, (ECF No. 41).[2]

For the reasons discussed below, the Court **DENIES** Petitioner's Abridged Motion to Vacate under Section 2255 and Motion to Vacate under Section 2255.

---

[1] Petitioner indicates, in his Abridged Motion to Vacate, that he filed the "abridged motion to vacate to comply with the statute of limitations in 28 U.S.C. § 2255(f) and will file a supplemental motion fully briefing the issues presented in the Abridged Motion to Vacate." (Abridged Mot. Vacate 1:21–25).

[2] Petitioner also filed a Supplemental Brief, (ECF No. 66), pursuant to the Court's Order requesting additional supplemental in light of potential new Ninth Circuit decisions.  The Government filed a Response to Petitioner's Supplemental Brief, (ECF No. 67).

**I.        BACKGROUND**

On October 4, 2001, Petitioner pleaded guilty to Count Two of the Indictment: Use of Firearms During and Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (*See* Docket Sheet, ECF No. 31).  The Court sentenced Petitioner to 60-months custody. (*See id.*).

On June 26, 2015, the United States Supreme Court held that the residual clause in the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA") violates the Due Process Clause. *See Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015).  Petitioner subsequently filed the instant Motion to Vacate, Set Aside, or Correct Sentence under Section 2255, asserting that he is entitled to resentencing in light of *Johnson*. (*See* Abridged 2255 Mot., ECF No. 35); (*see also* 2255 Mot., ECF No. 38).

Most recently, the Ninth Circuit in *United States v. Dominguez* held that a completed Hobbs Act robbery, in violation of 18 U.S.C. §1951, is a crime of violence under the "force clause" of Section 924(c)(3). *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020).[3]  In light of the new Ninth Circuit decision, the Court requested the parties provide additional briefing addressing any new and applicable Ninth Circuit rulings. (*See* Min. Order, ECF No. 65).  Petitioner thereafter filed a Supplement to his Motion to Vacate, (ECF No. 66), and the Government filed a Response, (ECF No. 67).

---

[3] The Ninth Circuit also determined that an attempted Hobbs Act robbery is also a crime of violence under the "force clause." *Dominguez*, 954 F.3d at 1255.  Dominguez later filed a petition for writ of certiorari, appealing whether an *attempted* Hobbs Act robbery is a crime of violence.  *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), petition for cert. filed, 80 U.S.L.W. 3463 (U.S. Jan. 21, 2021) (No. 20-1000).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id*.; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

## III.  DISCUSSION

In his Motion, Petitioner asserts that he is entitled to relief in light of the Supreme Court's decision in *Johnson*. (*See generally* 2255 Mot., ECF No. 38).  Petitioner further requests that the Court grant him a certificate of appealability if the Court declines to find his Section 924(c) conviction and sentence unconstitutional. (*See* Suppl. to 2255 Mot., ECF No. 66).  The Court addresses each argument in turn.

**A. Motion to Vacate under Section 2255**

Petitioner challenges the constitutionality of his conviction under 18 U.S.C. § 924(c), arguing that his conviction is void because his underlying charge, a Hobbs Act robbery, no longer qualifies as a "crime of violence" under *Johnson*. (2255 Mot. 3:2–7). The Ninth Circuit, however, has since held that a Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c). *Dominguez*, 954 F.3d at 1251.  Though Dominguez ultimately filed a Petition for Writ of Certiorari, Dominguez solely appealed

the Ninth Circuit's decision that an *attempted* Hobbs Act robbery qualifies as a crime of violence. (Sixth Joint Status Report 2:8–11, ECF No. 62); *see also United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), *petition for cert. filed*, 80 U.S.L.W. 3463 (U.S. Jan. 21, 2021) (No. 20-1000).  Therefore, the Ninth Circuit's decision regarding a *completed* Hobbs Act robbery remains authoritative.

In the present case, Petitioner pleaded guilty to one count of completed Hobbs Act robbery. (*See* Indictment at 1–6).  The Ninth Circuit's holding in *Dominguez* thus forecloses Petitioner's argument that a completed Hobbs Act robbery is not a crime of violence. *Dominguez*, 954 F.3d at 1255 ("In light of recent Supreme Court cases, we also reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)."); *see also United States v. Jones,* 848 F. App'x 288, 289 (9th Cir. 2021) (reaffirming that Hobbs Act robbery is a crime of violence under § 924(c)).  Notably, Petitioner concedes that the "Ninth Circuit has not issued an applicable decision pertaining specifically to Hobbs Act robbery since *United States v. Dominguez*." (Suppl. to 2255 Mot. 2:5–9).

Petitioner attempts to circumvent the Ninth Circuit's decision in *Dominguez* by arguing that *Dominguez* conflicts with existing Supreme Court and Ninth Circuit precedent. (*Id*. 2:7–3:23).  Specifically, Petitioner argues that the Ninth Circuit in *Dominguez* failed to consider a "realistic scenario" when analyzing whether the statute was facially overbroad, as is required under Ninth Circuit precedent in *Descamps v. United States*, 570 U.S. 254, 265 (2013), and *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007). (*Id*. 2:24– 3:23).  The Ninth Circuit, however, explicitly rejected this argument in *United States v. Hall*, 845 F. App'x 644, 645 n.3 (9th Cir. 2021).  There, the Ninth Circuit reiterated that the "circuit's published opinions on the law are authoritative once issued and remain binding on subsequent panels of this court." *Id*.

(citing *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1121 (9th Cir. 2020) (citation omitted)). Given the existing Ninth Circuit precedent, the Court accordingly denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under Section 2255.

### B. Certificate of Appealability

To proceed with an appeal of this Order, the Court must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. Petitioner requests the Court issue a certificate of applicability because "the Ninth Circuit has not yet resolved [Petitioner's] argument that *Dominguez* conflicts with earlier, binding Supreme Court and Ninth Circuit precedent." (Suppl. to 2255 Mot. 4:17–19). However, the Ninth Circuit in *Hall* directly denied Petitioner's argument. *Hall*, 845 F. App'x at 645 n.3. The Court thus denies Petitioner a certificate of appealability.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Abridged Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 35), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 38), is **DENIED**.

Dated this __1__ day of November, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT